UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO (AKRON)

| | |
|---|---|
| MICHAEL BALLUCH, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> Case No. 5:19-cv-1843 <br><br><br> **JURY DEMAND** |

# COMPLAINT

Now comes MICHAEL BALLUCH ("Plaintiff"), complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"):

### NATURE OF THE ACTION

1. Plaintiff brings this putative class action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under R.C. 1345.02.

2. Plaintiff seeks statutory damages pursuant to the FDCPA and the CSPA for Defendant's conduct in sending a form letter to residents of Portage County, Ohio, which falsely threatened them with service of state-court collection lawsuits by means of sheriff's service—a highly intimidating form of service of process that Defendant would have had no intention or legal authority to use in a run-of-the mill Portage County municipal court collection case.

[ 1 ]

3. Plaintiff's prayer for statutory damages in a class action pursuant to the CSPA—which purportedly prohibits statutory damage class action recoveries—is based on the holding of *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), which held that a similar state law limiting class action recoveries was preempted by Federal Rule of Civil Procedure 23.

4. Plaintiff further prays for injunctive and declaratory relief pursuant to the CSPA.

### JURISDICTION AND VENUE

5. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in this District and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

### PARTIES

7. Plaintiff is a natural person residing in Portage County, Ohio.

8. Defendant is a third-party debt collector.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

[ 2 ]

## FACTS SUPPORTING CAUSES OF ACTION

10. At some time in the past, Plaintiff incurred a debt for household goods on a Synchrony Bank "Amazon" credit card.

11. After Plaintiff defaulted on this debt, it was eventually purchased by Midland Funding LLC.

12. Defendant, which shares the common name "Midland" with Midland Funding LLC, sent a form collection letter to Plaintiff on or about July 26, 2019, with the stamp "FINAL NOTICE," which states as follows:

### IMPORTANT NOTICE – PLEAD READ CAREFULLY
### FAILURE TO REPLY WILL RESULT IN ATTORNEY REVIEW

Re: Synchrony Bank        Amazon
Reference MCM Account Number:  XXXXXX5958
Current Owner: Midland Funding LLC

Dear Michael,

This is a demand for full payment of **$1,175.90**. Please call our Pre-Legal department at **(800) 939-2353** by **08-20-2019** to resolve this account. If you do not reply, we plan on sending your account to an attorney in the state of OH.

**What will an attorney do?**

We intend to have a lawsuit filed against you. Before a lawsuit can be filed, an attorney must review your account. If the attorney determines there is cause for a suit, they will:

- Commence a lawsuit in a local court
- Serve a copy of the lawsuit personally on you, which could be done by a process server, a sheriff, or other means
- Seek to obtain a judgment

**How could a judgment impact you?**

If we receive a judgment, you may be responsible for court costs and post-judgment interest charges. In addition, we may choose to attempt the following post-judgment remedies:

[ 3 ]

- Obtain a lien against your property
- Garnish your wages or bank accounts
- Obtain information about your assets, which could be done by a notice request, deposition, or a subpoena to appear in court

**What are my options?**

We want to help you resolve this matter voluntarily. With flexible payment options tailored to your needs, we will work to avoid sending your account to an attorney.

Contact us today at **(800) 939-2353** to discuss what options are available.

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

P.S. Your prompt attention is necessary to avoid the possibility of attorney review. Call **(800) 939-2353** by **08-20-2019**.

*We are not obligated to renew any offers provided*

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

13. Defendant's threat of a lawsuit followed by "personal" service was, on reference and belief, insincere.

14. Ohio law distinguishes between "personal" service and "certified mail service," and the two are not identical. *See, e.g.*, *Cruz v. Testa*, 2015-Ohio-3292, ¶ 44, 144 Ohio St. 3d 221, 231, 41 N.E.3d 1213, 1222 (Ohio 2015) (distinguishing between "personal service and certified-mail service"); *Webster v. Spears*, 664 F. App'x 535, 539 (6th Cir. 2016) (distinguishing between "personal service" and "certified mail service").

15. Certified mail service is the "preferred method" of service in Ohio. *See, e.g.*, *Talley v. Warner*, 99 Ohio Misc. 2d 42, 46, 715 N.E.2d 635, 638 (Cleveland Mun. Ct. 1999).

[ 4 ]

16. The difference between mail service and "personal service" is material. The least sophisticated consumer, and indeed any reasonable consumer, would be inconvenienced by (or even fearful of) personal service by process server or sheriff's service.

17. Defendant rarely files lawsuits on consumer accounts in Portage County. When it does so, upon reference, it uses "certified mail service" and "ordinary mail service" under Ohio law—not "personal service" by a process server, sheriff, or other means.

18. To the extent that Defendant meant that the current *creditor*, Midland Funding LLC, would file suit, on reference, this creditor also uses "certified mail service" and "ordinary mail service" in Portage County pursuant to Ohio law.

19. Upon reference, Midland Funding LLC files cases on consumer accounts less than $15,000 in the municipal courts of Portage County.

20. When "certified mail service" and "ordinary mail service" fail, Midland Funding LLC routinely dismisses its Portage County collection cases without prejudice.

21. Thus, on reference and belief, the implication that Midland Funding LLC would use "personal service," including service by a process server or sheriff, was also insincere.

22. Further, the statement that Defendant's attorney could accomplish "personal service" by means of a "process server" or "sheriff" is, legally, inaccurate and misleading.

23.     The municipal courts of Portage County have jurisdiction over any case with an amount in controversy under $15,000, and upon reference and belief, if Defendant or Midland Funding LLC had filed a lawsuit to collect upon Plaintiff's account—or any a consumer account of less than this amount in Portage County—it would have filed such a lawsuit in a municipal court.

24.     Ohio Civil Rule 4.1(B), which governs "personal service" within the state of Ohio, states that "[w]hen process issues from the municipal court, *delivery shall be to the bailiff of the court for service on all defendants who reside or may be found within the county or counties in which that court has territorial jurisdiction* and to the sheriff of any other county in this state for service upon a defendant who resides in or may be found in that other county." (Emphasis added.)

25.     Pursuant to 15 U.S.C. 1692i, when Defendant or Midland Funding LLC files a collection lawsuit against a consumers, it files in the county where the consumer resides.

26.     Thus, logically, bailiff service—but not "sheriff" service—would be the legal avenue for achieving personal service in a Portage County municipal court case.

27.     Defendant made a materially misleading statement when it stated that it could use sheriff's service as a means of effecting personal service in a state court collection lawsuit against Plaintiff.

28.     Defendant made these same misrepresentations outlined above in all of the collection letters that are the subject of this putative class action.

[ 6 ]

## **COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

29. Plaintiff realleges the paragraphs above as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

31. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

32. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

33. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

34. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely a credit card debt.

35. Defendant violated 15 U.S.C. 1692e generally, and in particular 15 U.S.C. 1692e(5) and 1692e(10), when it threatened to serve Plaintiff "personally" by way of a process server, a sheriff, or other means.

36. Defendant had no intention of "personally" serving Plaintiff; it had no legal ability to serve Plaintiff by sheriff service; and its letter constituted a deceptive means of collecting the debt.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

37. Plaintiff realleges the paragraphs above as though fully set forth herein.

38. R.C. 1345.09(B) grants Plaintiff a private right of action where the defendant has violated R.C. 1345.02, and "[w]here the violation was an act or practice determined by a court of this state to violate section 1345.02 . . . of the Revised Code and committed after the decision containing the determination has been made available for public inspection."

39. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

40. Defendant is a "supplier" as defined by R.C. 1345(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016).

41. Defendant's acts were committed in connection with a "consumer transaction" because it was collecting on a consumer credit card debt.

42. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

43. Violating the enumerated provisions of the FDCPA is an act or practice previously determined by Ohio courts to violate R.C. 1345.02. *See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is

necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/ or § 1345.03").

44. Such decisions have been made available for public inspection. *See, e.g.*, Ohio Attorney General Public Inspection File #2653, *available at* http://opif.ohioattorneygeneral.gov/opifimages/PIF2653.pdf

45. Further, sending a consumer a form document that contains false statements and misleading illustrations is an act or practice that has been held by an Ohio court, in an opinion available for public inspection, to constitute a violation of the CSPA. *See Vaenita Tinnon v. Derek Wooten, et al.*, PIF #2953, Case No. CV-09-706429 (Ohio Ct. Com. Pls. June 1, 2010), *available at* https://opif.ohioattorneygeneral.gov/opifimages/PIF2953.pdf.

46. Defendant violated the CSPA when it sent a form document to Portage County residents, including Plaintiff, using the misleading illustrations of service by process server and sheriff.

47. Defendant's actions therefore violate the CSPA, and Plaintiff seeks compensation in the amount of $200 per violation, plus reasonable attorney fees, punitive damages, and declaratory relief. R.C. 1345.09(B) & (F).

### CLASS ALLEGATIONS

48. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). In the alternative, Plaintiff brings this claim on behalf of a class pursuant to Fed. R. Civ. P. 23(b)(2), as Plaintiff seeks injunctive relief under the CSPA.

49. The class consists of (a) all individuals (b) to whom Defendant mailed a letter to an address in Portage County on or after August 13, 2018, (c) including the language "Serve a copy of the lawsuit personally on you, which could be done by a process server, a sheriff, or other means," (d) in an attempt to collect a consumer debt of $15,000 or less.

50. The class is so numerous that joinder of all members is not practicable. On information and belief, there are hundreds of class members.

51. There are questions of law and fact common to the class members that predominate over any questions relating to individual class members. The predominant question is whether the placement and content of the statement complained of violates the FDCPA and CSPA.

52. Plaintiff's claims are typical of the claims of all class members. All are based on the same factual and legal theories.

53. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained competent counsel familiar with FDCPA, CSPA, and class action litigation and with the resources necessary to pay for class notice and discovery costs.

54. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible and many if not most class members are unaware of their rights.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Certifying the putative class;

b. Appointing Plaintiff's counsel as lead counsel, and allowing Plaintiff to serve as the class representative;

c. Declaring that the practices complained of herein are unlawful and violate the CSPA;

d. Enjoining Defendant, under the CSPA, from continuing to threaten or imply that it will personally serve Portage County consumers with lawsuits;

e. Awarding statutory damages of $1,000.00 per plaintiff per alleged debt, up to the lesser of $500,000 or 1% of Defendant's net worth, to the class;

f. Awarding statutory damages of $200 per violation per class member for violations of the CSPA to the class, together with punitive damages;

g. Awarding Plaintiff, as class representative, statutory damages of $1,000;

h. Awarding Plaintiff, as class representative, statutory damages of $200 per violation of the CSPA;

i. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

j. Awarding Plaintiff costs and reasonable attorney fees, with a multiplier, as provided under R.C. 1345.09(F)(2);

k. Awarding Plaintiff the costs of this action; and

l. Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED**

    Dated: August 13, 2019

                      By:  <u>s/ Jonathan Hilton</u>

                      Jonathan Hilton (0095742)
                      HILTON PARKER LLC
                      10400 Blacklick-Eastern Rd NW, Suite 110
                      Pickerington, OH 43147
                      Tel: (614) 992-2277
                      Fax: (614) 427-5557
                      jhilton@hiltonparker.com
                      *Trial Attorney for Plaintiff*

                      By:  <u>s/ Geoffrey Parker</u>

                      Geoffrey Parker (0096049)
                      HILTON PARKER LLC
                      10400 Blacklick-Eastern Rd NW, Suite 110
                      Pickerington, OH 43147
                      Tel: (614) 992-2277
                      Fax: (614) 427-5557
                      gparker@hiltonparker.com
                      *Attorney for Plaintiff*